**Leslie BELK, as Administrator of the Estate of Samuel Jackson,**
**Plaintiff,**

v.

**Timothy J. DZIERZANOWSKI and Maverick Transportation LLC,**
**Defendants.**

**Civil Action File No. 1:06–cv–1980–TCB.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 13, 2008.

Mark D. Link, Hertz Link & Smith, Michael L. Werner, Werner & Associates, LLC, Tucker, GA, for Plaintiff.

Stephanie Collings Patel, R. Clay Porter, Dennis Corry Porter & Smith, Atlanta, GA, for Defendants.

## ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This action involves a claim for wrongful death arising from a motor vehicle collision that took place on Interstate Highway 285 in Fulton County on November 4, 2005. Plaintiff Leslie Belk is the administrator of the estate of his uncle, Samuel Jackson, who suffered serious injuries in the collision and later died at Grady Memorial Hospital, where he was being treated. Belk contends that the accident was caused by the negligence of Defendant Timothy Dzierzanowski, who was driving a tractor-trailer for Defendant Maverick Transportation LLC at the time of the accident. Belk seeks to recover actual and punitive damages.

The trial of this action is set for September 15, 2008. On August 11, 2008, Defendants amended their answer to admit responsibility for causing the accident [133].

On June 20, 2008, Defendants filed two documents pertinent to this Order. First, they offered to confess judgment for punitive damages in the amount of $250,000 [116], which is Georgia's statutory cap [1] on punitive damage awards (absent a showing

---

1. O.C.G.A. § 51–12–5.1(g) (2000).

of specific intent to cause harm, which Belk does not allege).

Second, Defendants filed a *Daubert* motion to exclude or limit the testimony of a trucking expert named Whitney Morgan, whom Belk has retained to testify that at the time of the accident Defendants were in violation of certain Federal Motor Carrier Safety Regulations [114].

Belk opposes Defendants' confession of judgment for punitive damages, contending that only a jury can determine the amount of a punitive damage award, even if the statute requires the Court to reduce any amount awarded to $250,000. In addition, Belk argues that the statute's stated purpose for punitive damages is to punish, penalize, or deter a defendant, and allowing a defendant to "remove the jury's ability to mete out punishment as it sees fit" would reduce the deterrence effect to "nil."

The Court rejects Belk's arguments, both of which are unsupported by any authority. The statute's $250,000 cap on punitive damages renders jury consideration unnecessary in a case where the defendant concedes liability for the maximum possible punitive damage award. And the statute neither says nor suggests that in such a case the jury should be allowed to hear the plaintiff's evidence supporting a punitive damage award anyway in order to fully vindicate the stated purpose of such awards, i.e., to punish, penalize, or deter a defendant.

Accordingly, the Court accepts Defendants' offer of judgment with respect to Belk's punitive damages claim. Pursuant to Fed.R.Civ.P. 54(b), the Court hereby directs entry of judgment on Plaintiffs punitive damages claim in favor of Plaintiff Leslie Belk, as Administrator of the Estate of Samuel Jackson, and against Defendants Timothy J. Dzierzanowski and Maverick Transportation LLC, jointly and severally, in the amount of $250,000, the Court expressly determining that there is no just reason for delay.

As for Defendants' motion to exclude or limit the expert witness testimony of Whitney Morgan, the Court finds that Defendants' admission of responsibility for causing the accident vitiates any need for expert witness testimony as to Defendants' alleged violations of the pertinent federal regulations. Obviously, Morgan's testimony would go only to the issue of liability, not damages. Because liability is no longer in issue, such testimony is unnecessary.[2] Accordingly, Defendants' motion to exclude the expert witness testimony of Whitney Morgan [114] is hereby GRANTED.

---

2. In light of the Court's ruling, it is not necessary to determine the admissibility of Morgan's opinions if liability were disputed. Suffice it to say that the Court is dubious that such evidence would satisfy the requirements of Fed.R.Evid. 702 and *Daubert*.